IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RANCE FREEMAN GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-1007-MHT |
| | ) | [WO] |
| | ) | |
| OFFICER PURTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 25, 2005, Rance Freeman Gordon, a county inmate, filed this 42 U.S.C.

§ 1983 action.  On November 28, 2005, this court entered an order, a copy of which the Clerk

mailed to Gordon.  Postal authorities returned this order because Gordon was no longer at

the address he had provided for service.  In the order of procedure entered in this case, the

court specifically instructed the plaintiff to immediately inform the court of any new address.

*See Order of October 27, 2005 - Court Document No.* 5 at 4-5.  As Gordon had failed to

comply with this directive, the court entered an order requiring "that . . . [o]n or before

December 20, 2005 the plaintiff . . . show cause why this case should not be dismissed for

his failure to comply with the orders of this court and his failure to adequately prosecute this

action."  *Order of December 6, 2005 - Court Doc. No. 9* at 1.  The court cautioned Gordon

that failure to comply with such order would result in a recommendation that this case be

dismissed. *Id.* at 2. The time allowed Gordon for filing a response has expired and he has filed nothing in response to the aforementioned order. The court therefore concludes that this case is due to be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to prosecute this action and his failure to comply with the orders of this court.

It is further

ORDERED that on or before January 31, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

2

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of January, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE